**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JOHN J. CARNEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER, FOR HIGHVIEW POINT PARTNERS, LLC, MICHAEL KENWOOD GROUP, LLC, MK MASTER INVESTMENTS LP, MK INVESTMENTS, LTD., MK OIL VENTURES LLC, MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC; MICHAEL KENWOOD ASSET MANAGEMENT, LLC; MK ENERGY AND INFRASTRUCTURE, LLC; MKEI SOLAR, LP; MK AUTOMOTIVE, LLC; MK TECHNOLOGY, LLC; MICHAEL KENWOOD CONSULTING, LLC; MK INTERNATIONAL ADVISORY SERVICES, LLC; MKG-ATLANTIC INVESTMENT, LLC; MICHAEL KENWOOD NUCLEAR ENERGY, LLC; MYTCART, LLC; TUOL, LLC; MK CAPITAL MERGER SUB, LLC; MK SPECIAL OPPORTUNITY FUND; MK VENEZUELA, LTD.; SHORT TERM LIQUIDITY FUND, I, LTD.<br><br>                              Plaintiff,<br><br>                v.<br><br>JUAN S. MONTES, a.k.a. "BLACK," and MOVILWAY S.L.,<br><br>                              Defendants. | Civil Action No. 12-cv-183 (RNC)<br><br>MOTION FOR REASSIGNMENT AND/OR TRANSFER |

John J. Carney, Esq., as court-appointed receiver (the "Receiver") for Highview Point Partners, LLC ("HVP Partners"), the Michael Kenwood Group, LLC (the "MK Group") and certain affiliated entities (the "Receivership Entities")[1] and the assets thereof (the "Receivership Estate") in *Securities and Exchange Commission v. Illarramendi*, *Michael Kenwood Capital Management, LLC et al. C.A.*, No. 3:11-cv-00078 (JBA), (the "SEC Action"), hereby submits this Motion for Reassignment pursuant to Local Civil Rule 40, and in support thereof states as follows:

1. On January 14, 2011, the Securities and Exchange Commission (the "SEC") commenced a civil enforcement action against Illarramendi, MK Capital, and various Relief Defendants (the "SEC Defendants"). The SEC's complaint alleges that Illarramendi and certain of the SEC Defendants misappropriated investor assets in violation of Section 206(1), (2) and (4) of the Investment Advisers Act of 1940 and Rule 206(4)-(8) thereunder. The SEC also sought equitable relief, including injunctions against future violations of the securities laws, disgorgement, prejudgment interest, and civil monetary penalties.

2. Simultaneously with the filing of its complaint, the SEC sought emergency relief, including a preliminary injunction, in the form of an order freezing the assets of the SEC Defendants. The SEC also sought the appointment of a receiver over those assets.

3. On February 3, 2011, the Court appointed John J. Carney, Esq. as Receiver over all assets "under the direct or indirect control" of Defendant MK Capital and Relief Defendants

---

[1] The Receivership Entities include: Highview Point Partners, MK Master Investments LP, MK Investments, Ltd., MK Oil Ventures LLC, The MK Group, Michael Kenwood Capital Management, LLC; Michael Kenwood Asset Management, LLC ("MKAM"); MK Energy and Infrastructure, LLC ("MKE&I"); MKEI Solar, LP ("MKEI Solar"); MK Automotive, LLC; MK Technology, LLC; Michael Kenwood Consulting, LLC; MK International Advisory Services, LLC; MKG-Atlantic Investment, LLC; Michael Kenwood Nuclear Energy, LLC; MyTcart, LLC; TUOL, LLC; MK Capital Merger Sub, LLC; MK Special Opportunity Fund ("SOF"); MK Venezuela, Ltd. ("MK Venezuela"); Short Term Liquidity Fund, I, Ltd. ("STLF").

MKAM, MKE&I, and MKEI Solar, LP. A motion to expand the scope and duties of the Receivership was filed on March 1, 2011, and an Amended Receiver Order was entered on March 1, 2011, expanding both the duties of the Receiver and the definition of the Receivership Estate.

4.   On March 7, 2011, the United States Attorney's Office for the District of Connecticut filed a Criminal Information (the "Information") against Illarramendi alleging that Illarramendi, with others, had engaged in a massive Ponzi scheme involving hundreds of millions of dollars of money supplied primarily by foreign institutional and individual investors. *United States v. Illarramendi*, 3:11 Cr. 41 (SRU).  On the same day as the filing, Illarramendi pleaded guilty to a much larger fraud than was originally alleged in the SEC civil enforcement action. He pleaded guilty to felony violations of wire fraud (18 U.S.C. § 1343), securities fraud (15 U.S.C. §§ 78j(b) and 78ff), investment adviser fraud (15 U.S.C. §§ 80b-6 and 80b-17) and conspiracy to obstruct justice (18 U.S.C. § 371). Illarramendi's criminal case remains pending before The Honorable Stefan R. Underhill in Bridgeport.

5.   On June 22, 2011 the Court entered a further Amended Receiver Order, which, *inter alia*, expanded the scope of the Receivership Estate to include HVP Partners as a Receivership Entity. By additional order of the Court, the Receivership was again expanded on July 5, 2011 to include MK Master Investments LP, MK Investments, Ltd. and MK Oil Ventures LLC.  On January 4, 2012, the Court entered a further Amended Receiver Order which revised certain reporting requirements contained in the earlier Orders.[2] In February 2012, the Receiver filed a Motion to Expand the Receivership to include Highview Point Master Fund, Ltd.,

---

[2] Unless otherwise expressly defined herein, we adopt for purposes of this Motion the defined terms as set forth in the Amended Receiver Order dated January 4, 2012.

2

Highview Point Offshore Fund, Ltd., and Highview Point L.P.; this motion is currently pending before the Court.

6. Pursuant to the Court's Amended Order Appointing Receiver dated January 4, 2012, the Receiver has the duty of, among other things, identifying and recovering property of the Receivership Entities to ensure the maximum distribution to the Receivership Entities' defrauded creditors and to maximize the pool of assets available for distribution. To accomplish this goal, the Receiver must take control of all assets owned by or traceable to the Receivership Estate, including any funds that were stolen, misappropriated, or fraudulently transferred as alleged in the above-captioned complaint.

7. Accordingly, on February 2 and 3, 2012, the Receiver filed six complaints against various individuals and entities (the "Receiver Actions"), seeking to recapture and return investor proceeds that were misappropriated as part of the fraudulent scheme alleged in the SEC Action. Three of the six Receiver Actions – *Carney v. Beracha*, 12-cv-180, *Carney v. Marin*, 12-cv-181, and *Carney v. Lopez*, 12-cv-182 – have been assigned to The Honorable Stefan R. Underhill in Bridgeport.  One of the Receiver Actions – *Carney v. Habeck, et al.*, 12-cv-164 – has been assigned to The Honorable Vanessa L. Bryant in Hartford; and another – *Carney v. Illarramendi, et al.*, 12-cv-165 – has been assigned to this Court.

8. The SEC Action, the Receiver Actions and the criminal case against Illarramendi all arise from the same fraudulent scheme and concern the same transactions and events, with overlapping allegations, parties and witnesses. The sole purpose of the Receiver Actions is to recover Receivership Estate assets that were transferred during the course of the fraud alleged in the SEC Action and the criminal case.

9. Accordingly, on February 21, 2012, the Receiver filed a Notice of Related Case (the "Notices") in each of the Receiver Actions seeking to have them transferred to Judge Arterton in New Haven. Judge Underhill converted the Notices filed in *Beracha, Marin* and *Lopez* into motions to transfer and subsequently denied them. No motions to transfer have yet been filed in any of the other Receivership Actions.

10. For the reasons outlined below, the Receiver respectfully requests that this case be reassigned and transferred to Judge Underhill in the Bridgeport Division. Contemporaneous with this filing, the Receiver will be filing similar motions to transfer in *Carney v. Habeck* and *Carney v. Illarramendi.*

**DISCUSSION**

11. Connecticut Local Civil Rule 40 provides that cases may be reassigned to other judges within the district, or to a different location within the district, at the discretion of the Chief Judge and in the interest of the effective administration of justice.

12. This case involves common questions of law and fact with the four cases currently pending before Judge Underhill. As discussed above, the criminal case against Mr. Illarramendi has been pending before Judge Underhill for over a year. Mr. Illarramendi's criminal acts are the basis for both the receivership and the Receiver Actions. This case involves overlapping questions of fact with the cases pending before Judge Underhill. For example, in *Beracha,* the Receiver has alleged that Beracha facilitated bribe payments made by Illarramendi to Montes in furtherance of his fraudulent scheme. The Receiver is also seeking repayment of these bribes from Montes in this case.

13. Reassignment of this case to Judge Underhill is also in the interest of the effective administration of justice. Reassignment will prevent unnecessary waste of the parties' and the Court's resources. The Receiver's litigation costs and fees are paid from the Receivership Estate.

4

At present, the Receiver is engaged in litigation in three different courthouses within the district. As his counsel is based in New York, travel to three different courthouses is costly and inefficient. If the Receiver Actions were reassigned to a single judge or, at a minimum, a single courthouse, travel costs would be reduced and the Receiver could appear for multiple cases and conferences in a single day, something that at present is physically impossible with the SEC Action and Receiver Actions assigned to three different courthouses and four different judges within the district.

14.     Reassignment will preserve the Court's resources as well, because the individual judges and the Court will not be burdened with potential conflicts with conference dates and other scheduling matters, nor will multiple judges have to become familiar with the same set of background facts.

15.     Discovery can be more streamlined and efficient as well, which is in the interest of the effective administration of justice and further reduces costs to the Receivership Estate. At a minimum, depositions of witnesses common to more than one action could be coordinated so that the witnesses may not be required to appear separately for each case, or could minimize or reduce travel costs. Document production, particularly by the Receiver, could also be subject to common protocols and on a common timetable across the Receiver Actions, if such actions were pending before a single judge who was familiar with the scheduling needs and discovery requests of all the parties in the Receiver Actions.

16.     The Receivership Entities were located in Fairfield County, and several likely witnesses, including former officers and directors of the Receivership Entities, reside in Fairfield County. Accordingly, Bridgeport is a convenient location for litigating the Receiver Actions.

17. The instant Defendants are not located within the district, and thus no courthouse is more or less convenient to them. However, as discussed above, several likely nonparty witnesses – including Mr. Illarramendi and other individuals associated with the Receivership Entities – reside in Fairfield County, and thus reassigning the case to Bridgeport would be more convenient for them.

18. The Receiver has contacted Defendants' counsel and they do not object to reassignment of this case to Judge Underhill.

WHEREFORE, the Receiver respectfully requests that the Court enter the attached order granting the motion and reassigning the case to Judge Underhill.

Respectfully submitted this 2nd day of April, 2012.

      /s/ Ona T. Wang
Ona T. Wang (ct27836)
BAKER & HOSTETLER LLP
45 Rockefeller Plaza, 11th Floor
New York, NY 10111
owang@bakerlaw.com
Tel: (212) 589-4200
Fax: (212) 589-4201

*Attorney for Receiver*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JOHN J. CARNEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER, FOR HIGHVIEW POINT PARTNERS, LLC, MICHAEL KENWOOD GROUP, LLC, MK MASTER INVESTMENTS LP, MK INVESTMENTS, LTD., MK OIL VENTURES LLC, MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC; MICHAEL KENWOOD ASSET MANAGEMENT, LLC; MK ENERGY AND INFRASTRUCTURE, LLC; MKEI SOLAR, LP; MK AUTOMOTIVE, LLC; MK TECHNOLOGY, LLC; MICHAEL KENWOOD CONSULTING, LLC; MK INTERNATIONAL ADVISORY SERVICES, LLC; MKG-ATLANTIC INVESTMENT, LLC; MICHAEL KENWOOD NUCLEAR ENERGY, LLC; MYTCART, LLC; TUOL, LLC; MK CAPITAL MERGER SUB, LLC; MK SPECIAL OPPORTUNITY FUND; MK VENEZUELA, LTD.; SHORT TERM LIQUIDITY FUND, I, LTD.<br><br>                              Plaintiff,<br><br>        v.<br><br>JUAN S. MONTES, a.k.a. "BLACK," and MOVILWAY S.L.,<br><br>                              Defendants. | Civil Action No. 12-cv-183<br><br>[PROPOSED] ORDER |

Upon the motion of Ona T. Wang, counsel to the Receiver, John J. Carney;

IT IS HEREBY ORDERED that this case be reassigned to Judge Underhill

2

pursuant to Connecticut Local Civil Rule 40. The Clerk is directed to transfer this file to

the Bridgeport division.

Dated: _____ \_\_\_, 2012

_____
THE HONORABLE
UNITED STATES DISTRICT JUDGE

3

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 2, 2012, a copy of the foregoing motion was filed electronically and served by mail on any party unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                                               /s/ Ona T. Wang
                                                               Ona T. Wang (ct27836)