UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------------------- x
                                                           :

JOHN J. CARNEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR HIGHVIEW POINT PARTNERS, LLC; MICHAEL KENWOOD GROUP, LLC; MK MASTER INVESTMENTS LP; MK INVESTMENTS, LTD.; MK OIL VENTURES LLC; MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC; MICHAEL KENWOOD ASSET MANAGEMENT, LLC; MK ENERGY AND INFRASTRUCTURE, LLC; MKEI SOLAR, LP; MK AUTOMOTIVE, LLC; MK TECHNOLOGY, LLC; MICHAEL KENWOOD CONSULTING, LLC; MK INTERNATIONAL ADVISORY SERVICES, LLC; MKG-ATLANTIC INVESTMENT, LLC; MICHAEL KENWOOD NUCLEAR ENERGY, LLC; MYTCART, LLC; TUOL, LLC; MKCM MERGER SUB, LLC; MK SPECIAL OPPORTUNITY FUND; MK VENEZUELA, LTD.; SHORT TERM LIQUIDITY FUND, I, LTD.
                      Plaintiff,

v.

JUAN S. MONTES,
                      Defendant.

12 Civ. 183 (SRU)

------------------------------------------------------------------------------- x

MOTION OF JUAN S. MONTES TO DISMISS THE SECOND AMENDED COMPLAINT
PURSUANT TO RULES 12(b)(1) AND 12(b)(6)

      Defendant Juan S. Montes hereby moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the claims asserted against him because the Receiver lacks standing for three separate and independent reasons. First, under the Second Circuit's Wagoner rule, the Receiver lacks standing to bring claims on behalf of the receivership entities stemming from wrongdoing in which those entities participated. Second, the Receiver lacks standing to bring fraudulent transfer claims because Connecticut law allows only the creditors of the transferors, and not the

transferors themselves, to bring such claims.  Third, the Receiver lacks standing because the receivership entities profited from the transactions at issue and therefore suffered no injury in fact.  Neither Judge Arterton's Receivership Order and nor the Receiver's assertion that the Receivership Entities are "tort creditors" of Illarramendi give the Receiver standing under Connecticut's fraudulent transfer statute.

Defendant Juan S. Montes hereby moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims asserted against him related to the Permuta transactions because the alleged payments to Mr. Montes occurred more than four years before the filing of the original complaint and therefore the Receiver's claims related to the Permuta transactions are time-barred.  Mr. Montes also moves to dismiss the Receiver's second, third, fourth, fifth, sixth and seventh causes of action pursuant to Rule 12(b)(6) because the Receiver fails to state a claim for unjust enrichment, aiding and abetting breach of fiduciary duty, conspiracy to breach fiduciary duty, "money had and received," constructive trust or accounting.

The grounds for Mr. Montes's motion to dismiss the second amended complaint are more fully set forth in the memorandum of law filed herewith.

Dated: New York, New York
October 5, 2012

        DEBEVOISE & PLIMPTON LLP

        By : \_\_\_\_\_/s/ Matthew E. Fishbein\_\_\_\_\_
Michael B. Mukasey
Matthew E. Fishbein
Elliot Greenfield
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Fax: (212) 909-6836

HURWITZ SAGARIN SLOSSBERG & KNUFF LLC
David L. Belt
147 North Broad Street, P.O. Box 112
Milford, Connecticut 06460
Tel: (203) 877-8000
Fax: (203) 878-9800

ERIC J. SHAMES, ESQ., P.C.
Eric J. Shames
301 East 79th Street, Suite 32B
New York, New York 10075
Tel: (917) 742-3104
Fax: (212) 933-1433

Attorneys for defendant Juan S. Montes

Certificate of Service

This is to certify that on October 5, 2012 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing. Parties may access this filing through the Court's electronic system.

                                         /s/ Elliot Greenfield
                                         Elliot Greenfield