UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------------------- x
                                                  :

JOHN J. CARNEY, IN HIS CAPACITY AS COURT-    :
APPOINTED RECEIVER FOR HIGHVIEW POINT   :
PARTNERS, LLC; MICHAEL KENWOOD GROUP, LLC; MK :
MASTER INVESTMENTS LP; MK INVESTMENTS, LTD.;  :
MK OIL VENTURES LLC; MICHAEL KENWOOD CAPITAL :
MANAGEMENT, LLC; MICHAEL KENWOOD ASSET    :
MANAGEMENT, LLC; MK ENERGY AND          :
INFRASTRUCTURE, LLC; MKEI SOLAR, LP; MK     :     12 Civ. 183 (SRU)
AUTOMOTIVE, LLC; MK TECHNOLOGY, LLC; MICHAEL :
KENWOOD CONSULTING, LLC; MK INTERNATIONAL  :
ADVISORY SERVICES, LLC; MKG-ATLANTIC      :
INVESTMENT, LLC; MICHAEL KENWOOD NUCLEAR  :
ENERGY, LLC; MYTCART, LLC; TUOL, LLC; MKCM   :
MERGER SUB, LLC; MK SPECIAL OPPORTUNITY FUND; :
MK VENEZUELA, LTD.; SHORT TERM LIQUIDITY FUND, :
I, LTD.                                          :
                                                  :

                     Plaintiff,           :
                                                    :

v.                                       :     November 21, 2012
                                                  :

JUAN S. MONTES,                   :
                                                  :

                     Defendant.      :
                                                  :
------------------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF JUAN S. MONTES
## FOR A PROTECTIVE ORDER TO STAY DISCOVERY

David L. Belt                        Michael B. Mukasey
HURWITZ SAGARIN SLOSSBERG &       Matthew E. Fishbein
KNUFF LLC                      Elliot Greenfield
147 North Broad Street, P.O. Box 112     DEBEVOISE & PLIMPTON LLP
Milford, Connecticut 06460          919 Third Avenue
                                New York, New York 10022
Eric J. Shames
ERIC J. SHAMES, ESQ., P.C.         Attorneys for Juan S. Montes
301 East 79th Street, Suite 32B
New York, New York 10075

Defendant Juan S. Montes ("Montes") submits this memorandum in support of his motion, pursuant to Federal Rule of Civil Procedure 26(c), to stay discovery and the parties' obligations under Rule 26(f) pending resolution of his motion to dismiss the second amended complaint ("SAC").

BACKGROUND

The stay of discovery that is currently in place will expire on January 4, 2013.  By this motion, Mr. Montes seeks to extend that stay until twenty (20) days after this Court decides his motion to dismiss the SAC (the "Motion to Dismiss"), which will be fully briefed on December 21, 2012.

On February 3, 2012, the Receiver filed a complaint against Mr. Montes, who is alleged to be a former investment manager for pension funds associated with Petroleos de Venezuela, S.A. ("PDVSA").  (See Docket No. 1.)  The complaint alleges that certain of the entities controlled by Francisco Illarramendi, which are now part of the receivership (the "Receivership Entities"), made payments intended as bribes to Mr. Montes in 2006 and 2007 in order to secure the participation of the PDVSA pension funds in financial transactions.  The Receiver's claims represent an attempt by the Receivership Entities to recover their alleged bribes.

In April 2012, counsel for Mr. Montes sought the consent of counsel for the Receiver to postpone the discovery process until Mr. Montes's motion to dismiss was adjudicated by the Court.  Counsel for the Receiver agreed to postpone discovery only until Mr. Montes's motion to dismiss was fully briefed, and the parties agreed that Mr. Montes would file a motion on consent. As part of those discussions, counsel for Mr. Montes notified counsel for the Receiver that Mr. Montes would be filing a motion for a further stay at the appropriate time.  On May 7, 2012, the Court granted the consent motion filed by Mr. Montes extending the deadline for the parties to

conduct a Rule 26(f) conference until the later of July 2, 2012 or 14 days after the briefing of Mr. Montes's anticipated motion to dismiss is completed.  (See Docket No. 51.)

On July 11, 2012, the Receiver filed a first amended complaint, eliminating four of the eight causes of action asserted against Mr. Montes in the original complaint.  (See Docket No. 67.)  On August 10, 2012, Mr. Montes filed a motion to dismiss the first amended complaint and a motion to stay discovery pending resolution of his motion to dismiss the first amended complaint.  (See Docket Nos. 69, 70.)

On August 31, 2012, the Receiver filed the SAC, which added three new causes of action against Mr. Montes (aiding and abetting breach of fiduciary duty, conspiracy to breach fiduciary duty, and "money had and received"), as well as new allegations and new standing language.  (See Docket No. 72.)

On September 13, 2012, Mr. Montes filed a motion to withdraw his motion to stay discovery without prejudice.  (See Docket No. 75.)   The Court granted that motion on November 19, 2012.  (See Docket No. 86.)

On October 5, 2012, Mr. Montes filed a motion to dismiss the SAC.  (See Docket No. 80.)  In the Motion to Dismiss, Mr. Montes argues that the Receiver lacks standing for three separate and independent reasons: (i) under the Second Circuit's Wagoner rule, the Receiver lacks standing to bring claims against Mr. Montes based on wrongdoing in which the Receivership Entities participated; (ii) under Connecticut law, only the creditors of the Receivership Entities – not the Receivership Entities themselves – have standing to bring a fraudulent transfer claim; and (iii) the Receiver's allegations show that the Receivership Entities profited from the transactions, suffered no injury, and therefore lack standing under Article III of the Constitution.  Mr. Montes also argues in the Motion to Dismiss that certain of the Receiver's

claims are time-barred because all of the purported bribes are alleged to have been made more than four years before the commencement of this action.  Finally, Mr. Montes argues that the Receiver fails to state a claim for breach of fiduciary duty, "money had and received," unjust enrichment, constructive trust or accounting.

On November 16, 2012, the Receiver filed a memorandum of law in opposition to the Motion to Dismiss.  (See Docket No. 85.)  Mr. Montes will file his reply memorandum in further support of his Motion to Dismiss on December 21, 2012.

## ARGUMENT

Under Rule 26(c), the Court "has discretion to stay discovery for 'good cause,' and … good cause may be shown where a party has filed (or sought leave to file) a dispositive motion." Cuartero v. U.S., No. 05-cv-1161(RNC), 2006 WL 3190521, at *1 (D. Conn. Nov. 1, 2006) (citation omitted).  In determining whether good cause exists, courts consider the strength of the dispositive motion, the breadth of discovery sought, and the prejudice a stay would cause to the non-moving party.  See id.

"A stay of discovery is appropriate pending resolution of a potentially dispositive motion where the pending dispositive motion 'appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law.'" ITT Corp. v. Travelers Cas. & Surety Co., No. 12-cv-38(RNC), 2012 WL 2944357, at *2 (D. Conn. Jul. 18, 2012) (quoting Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002)) (alteration in original). Mr. Montes's Motion to Dismiss addresses fundamental flaws in the causes of action and legal theories asserted by the Receiver, including that the Receiver lacks standing under federal and state law to bring those causes of action, that certain of the Receiver's claims are time-barred, and that the Receiver has failed to state a claim for aiding and abetting breach of fiduciary duty, conspiracy to breach fiduciary duty, "money had and received," unjust enrichment, constructive

4

trust or accounting.  As the Motion to Dismiss demonstrates, these arguments are supported by well-established Second Circuit and Connecticut law.  Furthermore, the motion is potentially dispositive as to all of the causes of action asserted in the SAC and could therefore eliminate the entire action.  Courts regularly grant protective orders staying discovery where a motion is potentially dispositive and "not unfounded in the law."  ITT Corp., 2012 WL 2944357, at *3-4 (collecting cases).

Discovery in this matter would be burdensome and expensive for Mr. Montes.  The allegations in the SAC relate to events alleged to have occurred six years ago and involve international financial transactions alleged to have taken place in Venezuela.  Furthermore, any relevant documents would be in Spanish and would be extremely costly to translate and review. It is also important to take into account that as an individual defendant, Mr. Montes alone would bear these considerable expenses; they would not be borne or defrayed by any company.  See Spencer Trask Software & Info. Svcs. v. RPost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting motion to stay discovery where defendant advanced "substantial arguments" for dismissal and proceeding with discovery while the dispositive motion was pending "would unnecessarily drain the parties' resources"); Giminez v. Law Offices of Hoffman & Hoffman, No. 12 Civ. 0669, 2012 WL 2861014, at *2 (E.D.N.Y. Jul. 11, 2012) (granting stay of discovery where out-of-state defendants filed potentially dispositive motion to dismiss and discovery would be burdensome, expensive, and likely to involve protracted motion practice).

Though discovery requests have not been served yet, given the scope of the allegations in the SAC, Mr. Montes' expectation that discovery will be onerous and expensive is more than justified.  See id. (granting motion to stay discovery before discovery requests were actually served).

A stay of discovery pending adjudication of the Motion to Dismiss will not prejudice the Receiver.  See Rivera v. Heyman, No. 96 Civ. 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.").  The briefing of that motion will be completed on December 21, 2012, and the stay currently in place will expire on January 4, 2013.  The modest extension sought by Mr. Montes – from January 4, 2013 until twenty days after the Court decides the Motion to Dismiss – cannot plausibly prejudice the Receiver's case, to the extent that any of it remains.  In contrast, unnecessary discovery would undoubtedly be expensive and burdensome for Mr. Montes to bear.

In light of the Motion to Dismiss, which addresses fundamental issues of standing and statutes of limitations and is potentially dispositive as to the entire action, and in light of the substantial burden discovery would place on Mr. Montes, fairness requires that discovery be stayed pending a decision by the Court on the Motion to Dismiss.

CONCLUSION

Accordingly, Defendant Juan S. Montes respectfully requests that the Court grant a
protective order to stay discovery and the parties' Rule 26(f) obligations until twenty (20) days
after a decision is rendered on Mr. Montes's motion to dismiss the second amended complaint.

DEBEVOISE & PLIMPTON LLP

By : _____/s/  Elliot Greenfield_____

Michael B. Mukasey
Matthew E. Fishbein
Elliot Greenfield
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Fax: (212) 909-6836

HURWITZ SAGARIN SLOSSBERG & KNUFF LLC
David L. Belt
147 North Broad Street, P.O. Box 112
Milford, Connecticut 06460
Tel: (203) 877-8000
Fax: (203) 878-9800

ERIC J. SHAMES, ESQ., P.C.
Eric J. Shames
301 East 79th Street, Suite 32B
New York, New York 10075
Tel: (917) 742-3104
Fax: (212) 933-1433

Attorneys for defendant Juan S. Montes

<u>Certificate of Service</u>

This is to certify that on November 21, 2012 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing.  Parties may access this filing through the Court's electronic system.

         /s/ Elliot Greenfield
        Elliot Greenfield