UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------------------- x
                                                :

JOHN J. CARNEY, IN HIS CAPACITY AS COURT-        :
APPOINTED RECEIVER FOR HIGHVIEW POINT       :
PARTNERS, LLC; MICHAEL KENWOOD GROUP, LLC; MK :
MASTER INVESTMENTS LP; MK INVESTMENTS, LTD.;   :
MK OIL VENTURES LLC; MICHAEL KENWOOD CAPITAL :
MANAGEMENT, LLC; MICHAEL KENWOOD ASSET     :
MANAGEMENT, LLC; MK ENERGY AND                 :
INFRASTRUCTURE, LLC; MKEI SOLAR, LP; MK           :        12 Civ. 183 (SRU)
AUTOMOTIVE, LLC; MK TECHNOLOGY, LLC; MICHAEL :
KENWOOD CONSULTING, LLC; MK INTERNATIONAL   :
ADVISORY SERVICES, LLC; MKG-ATLANTIC             :
INVESTMENT, LLC; MICHAEL KENWOOD NUCLEAR    :
ENERGY, LLC; MYTCART, LLC; TUOL, LLC; MKCM      :
MERGER SUB, LLC; MK SPECIAL OPPORTUNITY FUND; :
MK VENEZUELA, LTD.; SHORT TERM LIQUIDITY FUND, :
I, LTD.                                                                 :

                        Plaintiff,                                  :

v.                                                                              :

JUAN S. MONTES,                                    :        December 21, 2012

                        Defendant.                               :

------------------------------------------------------------------------------- x

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THE MOTION OF JUAN S. MONTES
<u>FOR A PROTECTIVE ORDER TO STAY DISCOVERY</u>

David L. Belt                                       Michael B. Mukasey
HURWITZ SAGARIN SLOSSBERG &            Matthew E. Fishbein
KNUFF LLC                                       Elliot Greenfield
147 North Broad Street, P.O. Box 112       DEBEVOISE & PLIMPTON LLP
Milford, Connecticut 06460                  919 Third Avenue
                                                       New York, New York 10022

Eric J. Shames
ERIC J. SHAMES, ESQ., P.C.               Attorneys for Juan S. Montes
301 East 79th Street, Suite 32B
New York, New York 10075

Defendant Juan S. Montes ("Montes") submits this reply memorandum in further support of his motion, pursuant to Federal Rule of Civil Procedure 26(c), to stay discovery and the parties' obligations under Rule 26(f) pending resolution of his motion to dismiss the second amended complaint ("SAC").

ARGUMENT

Mr. Montes has demonstrated that good cause exists to extend the stay of discovery – currently in place until January 4, 2013 – until twenty (20) days after this Court decides his motion to dismiss the SAC (the "Motion to Dismiss"): (<u>i</u>) the Motion to Dismiss advances strong arguments warranting dismissal, with prejudice, of this entire action; (<u>ii</u>) discovery will be extremely expensive and burdensome for Mr. Montes to bear individually; and (<u>iii</u>) this relatively brief extension will not prejudice the Receiver.  See <u>ITT Corp. v. Travelers Cas. & Surety Co.</u>, No. 12-cv-38(RNC), 2012 WL 2944357, at *2 (D. Conn. Jul. 18, 2012).

The Receiver's assertion that this request for an extension of the stay is "premature," on the basis that the parties "can negotiate a mutually agreeable schedule to commence active discovery," ignores the fact that the parties have already discussed this issue and fundamentally disagree.  (Opp'n 5.)  The Receiver would like to begin discovery immediately; Mr. Montes believes that there should be no discovery until after the Court decides the Motion to Dismiss.  Mr. Montes should not be forced to bear the burden and expense of discovery before the Court decides his Motion to Dismiss, which demonstrates that the Receiver lacks standing to bring this action under Article III of the Constitution, Second Circuit precedent, and Connecticut law and that the Receiver's claims are time-barred.  The Motion to Dismiss will likely dispose of the entire case, obviating the need for any discovery, or at the very least, will dramatically narrow its scope.  Prior to adjudication of the Motion to Dismiss, it would be difficult to assess the extent and nature of the discovery necessary and the time the parties will need to conduct such

discovery. In light of this uncertainty and the parties' disagreement, it makes no sense for the parties to attempt to negotiate a discovery plan and case schedule at this time. There is no reason for the Court to delay deciding this issue, as January 4, 2013 is only 14 days away.

<u>First</u>, contrary to the Receiver's description, the Motion to Dismiss sets forth strong arguments that are dispositive of the entire action. (Opp'n 6.) The Motion to Dismiss identifies core legal deficiencies in the Receiver's causes of actions and legal theories:

- All of the Receiver's claims are barred by the Second Circuit's <u>Wagoner</u> rule, which deprives the Receiver of standing to bring claims against third-parties (other than corporate insiders) based on wrongdoing in which the Receivership Entities participated. The Receiver's action against Mr. Montes is aimed at recovering payments that the Receivership Entities allegedly made as bribes to Mr. Montes.

- Under Connecticut law, only <u>creditors</u> of the Receivership Entities, and not the Receivership Entities themselves, have standing to bring fraudulent transfer claims. The Receiver's legal theories as to standing have no basis in Connecticut law.

- As to the only transactions in connection with which Mr. Montes is alleged to have received bribes (the so-called "Permuta" transactions) the Receiver's own allegations make clear that the Receivership Entities made a profit, and thus lack standing to assert claims based on those transactions under Article III of the Constitution.

- Any alleged wrongdoing related to the Permuta transactions is time-barred under Connecticut's statutes of repose.

- The only allegations relating to conduct that is not time-barred are plainly insufficient to state a claim for aiding and abetting breach of fiduciary duty, conspiracy to breach fiduciary duty, unjust enrichment, or "money had and received."

- Accounting and constructive trust are remedies under Connecticut law, not independent causes of action.

Because those deficiencies cannot be cured by amendment, dismissal with prejudice is appropriate.

The Receiver's primary response to these arguments is to appeal to the law of other states and other circuits, which do not follow the Second Circuit's <u>Wagoner</u> rule and have no bearing on issues of Connecticut state law. The Receiver's heavy reliance on <u>Scholes v. Lehmann</u>, 56

3

F.3d 750 (7th Cir. 1995), for example, is misplaced because the law of that case is directly contrary to the <u>Wagoner</u> rule, as courts in the Second Circuit have noted.  See, e.g., <u>In re Magnesium Corp. of Am.</u>, 399 B.R. 722, 764-65 & n.142 (Bankr. S.D.N.Y. 2009).  Likewise, Connecticut's tort statute of limitations is far stricter than those of most other states, as the limitations period begins at the occurrence of the alleged wrong (not when an action accrues or is discovered) and all liability is permanently extinguished when the limitations period expires.  Accordingly, in Connecticut, time-barred claims are not revived when a receiver is appointed.

For purposes of this motion, however, the Court need only determine that the pending Motion to Dismiss "'appear[s] to have substantial grounds or, as stated another way, do[es] not appear to be without foundation in law.'"  <u>ITT Corp.</u>, 2012 WL 2944357, at *2 (quoting <u>Johnson v. N.Y. Univ. School of Educ.</u>, 205 F.R.D. 433, 434 (S.D.N.Y. 2002)) (alteration in original).  Mr. Montes's motion clearly has substantial grounds and is well-founded in established Second Circuit and Connecticut law.

<u>Second</u>, Mr. Montes has demonstrated that discovery in this matter would be burdensome and expensive for him to bear individually.  The Receiver's argument that this concern is premature and speculative (Opp'n 9) is belied by his own statements regarding the difficulties in conducting discovery because of the "complexity of the case" (<u>id.</u> 10), the potential need to "conduct discovery in foreign jurisdictions" (<u>id.</u>) and the "time needed to translate and review" documents that are "likely to be in a foreign language" (<u>id.</u> 11).  Moreover, in discussing the burden on Mr. Montes, the Receiver addresses only the production of documents by Mr. Montes and ignores that Montes presumably would also need to conduct his own discovery into the actions taken by Francisco Illarramendi, the Receivership Entities, and other third-parties, which will undoubtedly be enormously complicated and expensive.  As the Motion to Dismiss is likely

to dispose of the entire action, or at the least narrow the scope of the issues or time period subject to discovery, there is no reason to impose this burden on Mr. Montes prior to a decision on that motion.

<u>Third</u>, while the Receiver claims that granting of Mr. Montes' motion to stay would cause "extreme[] prejudice" (<u>id.</u> 10), he fails to identify any concrete harms that would result from the brief extension of the stay requested by Mr. Montes.  The contention that discovery would be a time-consuming process serves only to emphasize the heavy burden discovery would place on both parties, perhaps unnecessarily, if Mr. Montes's requested extension is not granted.  The Receiver provides no support for his assertion that a modest extension of the stay would result in the loss of relevant information.  (<u>Id.</u> 11.)

Taking these factors into account – the strong arguments set forth in the Motion to Dismiss, the expense and burden of discovery for Mr. Montes, and the Receiver's inability to identify any concrete harm that would prejudice his case – the Court should grant the extension of the stay requested by Mr. Montes.

CONCLUSION

Accordingly, Defendant Juan S. Montes respectfully requests that the Court grant a protective order to stay discovery and the parties' Rule 26(f) obligations until twenty (20) days after a decision is rendered on the motion to dismiss.

DEBEVOISE & PLIMPTON LLP

By : _____/s/ Elliot Greenfield_____
Michael B. Mukasey
Matthew E. Fishbein
Elliot Greenfield
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Fax: (212) 909-6836
egreenfield@debevoise.com

ERIC J. SHAMES, ESQ., P.C.
Eric J. Shames
301 East 79th Street, Suite 32B
New York, New York 10075
Tel: (917) 742-3104
Fax: (212) 933-1433

HURWITZ SAGARIN SLOSSBERG & KNUFF LLC
David L. Belt
147 North Broad Street, P.O. Box 112
Milford, Connecticut 06460
Tel: (203) 877-8000
Fax: (203) 878-9800

Attorneys for defendant Juan S. Montes

Certificate of Service

This is to certify that on December 21, 2012 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing.  Parties may access this filing through the Court's electronic system.

            /s/ Elliot Greenfield
            Elliot Greenfield