UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN J. CARNEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER, FOR HIGHVIEW POINT PARTNERS, LLC; ET. AL, <br><br> Plaintiff, <br><br> v. <br><br> JUAN S. MONTES a/k/a "BLACK", <br><br> Defendant. | Case No. 12-CV-00183-SRU <br><br> **Motion for Admission of Counsel** ***Pro Hac Vice*** **and for Other Relief** |

Pursuant to Local Rules 83.1(c)(1) and 83.1(d), undersigned counsel, Ona T. Wang, as a member of the Bar of this Court, moves this Court for an Order authorizing an attorney from the law firm of Baker & Hostetler, LLP to appear as visiting lawyer to represent the court-appointed Receiver, John J. Carney, Esq., *pro hac vice,* and for the Court, in its discretion, to grant the Receiver and his counsel relief from the local office requirement in Local Rule 83.1(c)(1). The attorney for whom this application is made has previously been admitted *pro hac vice* as counsel to the Receiver in the related action, *SEC v. Illarramendi, et al.,* 11-CV-00078 (JBA) (the "SEC Action").

The attorney for whom admission *pro hac vice* is requested is: **Naima J. Garvin** ("Ms. Garvin"). In support of this motion, I state as follows:

1.    I am a partner at Baker & Hostetler, LLP, and counsel to the Receiver in the above-captioned action. I am familiar with the proceedings in this case and I make this statement based on my personal knowledge and upon the accompanying affidavit in support of this Motion for *pro hac vice* Admission of Counsel to represent the Receiver.

2. I am a member in good standing of the bars of the States of Connecticut and New York, and was admitted to practice law in Connecticut in 1998 and in New York in 1999. I am also admitted to practice in the United States District Courts of the District of Connecticut, the Southern and Eastern Districts of New York, the United States Courts of Appeal for the Second and Eleventh Circuits, and the United States Supreme Court. I was admitted to practice in the District of Connecticut on October 3, 2008.

3. I have known Ms. Garvin since she joined Baker & Hostetler LLP in January 2010.

4. Ms. Garvin is an associate at Baker & Hostetler LLP and is a member in good standing of the bar of the State of New York (bar# 4460879), and was admitted to practice law in February 2007. She is also admitted to practice in the United States District Courts for the Southern and Eastern Districts of New York and the United States District Court for the Western District of Tennessee and is a member of good standing in each.

5. I have found that Ms. Garvin is a skilled attorney and a person of integrity. She is experienced in federal practice and has fully reviewed and is familiar with the Federal Rules of Procedure, the Rules of the United States District Court for the District of Connecticut and the Connecticut Rules of Professional Conduct.

6. Good cause exists for relief from the local office requirement of Local Rule 83.1(c)(1). The undersigned and Ms. Garvin represent the Plaintiff, who is the Receiver in the instant action, duly appointed by a United States District Judge in the District of Connecticut and not a private litigant. The instant action was instituted not for personal gain but to recoup damages and recover fraudulently transferred funds and assets of the Receivership Estate, for ultimate distribution to the creditors of the Receivership Estate and the defrauded investors

in – and victims of – the fraudulent scheme alleged in the SEC Action. Any funds used to retain local counsel to comply with the Rule 83(c)(l) local office requirement would be funds taken from the Receivership Estate, and would reduce the amount that could be distributed to those defrauded victims, investors and creditors.

7.   The parties will not be prejudiced if the Court grants the Receiver relief from the local office requirement. Neither Defendants nor their counsel are located in Connecticut. Receiver's counsel has contacted counsel for the Defendants and they have no objection to the Receiver's request. The undersigned and Ms. Garvin have already appeared in the SEC Action and have received and responded to all court filings and orders without incident or delay, despite the lack of a local office in Connecticut. Accordingly, no prejudice will accrue to the Defendants should the Court grant relief from the local office requirement. The investors and creditors of the Receivership Entities and victims of the underlying fraudulent scheme, however, will be prejudiced if the Court denies the Receiver's request, because funds used to pay local counsel to satisfy the local office requirement necessarily diminish the value of the Receivership Estate.

In further support of this motion, the undersigned states that there are no pending disciplinary proceedings against Ms. Garvin in any state or federal court.

WHEREFORE, the undersigned respectfully requests that the Court enter the attached order granting the motion for admission *pro hac vice* of Naima J. Garvin and grant relief from the local office requirement of Local Rule 83.1(c)(1) for good cause shown.

Respectfully submitted,

Date: March 27, 2013

/s/   Ona T. Wang
Ona T. Wang (ct27836)
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
owang@bakerlaw.com
Tel:     (212) 589-4200
Fax:    (212) 589-4201

*Attorney for Receiver*

AFFIDAVIT OF NAIMA J. GARVIN IN SUPPORT OF
MOTION FOR ADMISSION OF COUNSEL *PRO HAC VICE*

STATE OF NEW YORK
                       ss:
COUNTY OF NEW YORK

        NAIMA J. GARVIN, being duly sworn, hereby deposes and says as follows:

        1.     I am an associate at Baker & Hostetler LLP, counsel for the Receiver John J. Carney, Esq., in the above-captioned action. I am familiar with the proceedings in this case. I make this statement based on my personal knowledge of the facts set forth herein and in support of the Motion to Admit counsel *pro hac vice* to represent the Receiver in this matter. My contact information is as follows:

| | |
|---|---|
| Firm Name: | Baker & Hostetler LLP |
| Address: | 45 Rockefeller Plaza |
| City/State/Zip: | New York, NY 10111 |
| Telephone/Fax: | 212.589.4200/212.589.4201 |
| Email Address: | ngarving@bakerlaw.com |

        2.     I am a member in good standing of the bar of the State of New York (Bar #4460879) and was admitted to practice law in 2007. I am also admitted to practice in the United States District Court for the Eastern and Southern Districts of New York and the United States District Court for the Western District of Tennessee and am a member in good standing in each of these Courts.

        3.     I have no pending disciplinary complaints as to which finding has been made that such complaint should proceed to a hearing. I have not been denied admission to, been disciplined by, resigned from, surrendered my license to practice before, or withdrawn an application for admission to practice before this Court or any other court, while facing a disciplinary complaint.

        4.     I am experienced in federal practice and am familiar with the Federal Rules of Civil and Criminal Procedure. I have also reviewed and am familiar with the Rules of the United States District Court for the District of Connecticut and the Connecticut Rules of Professional Conduct.

5.	I designate Ona T. Wang as my agent for service of process and the District of Connecticut as the forum for the resolution of any dispute arising out of my admission.

Dated: March 27, 2013

Notarized:

*[signature: Lillian A. Martinez]*

LILLIAN A. MARTINEZ
Notary Public, State of New York
No. 01MA6092520
Qualified in Westchester County
Certificate Filed in Kings, Queens,
Bronx, New York Counties
Commission Expires May 19, 2015

Respectfully submitted,

*[signature]*

Naima J. Garvin

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN J. CARNEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER, FOR HIGHVIEW POINT PARTNERS, LLC; ET. AL,<br><br>Plaintiff,<br><br>v.<br><br>JUAN S. MONTES a/k/a "BLACK",<br><br>Defendant. | Case No. 12-CV-00183-SRU<br><br>[Proposed] Order on Motion for Admission of Counsel *Pro Hac Vice* and for Other Relief |

Upon the motion of Ona T. Wang, counsel for the Receiver John J. Carney, and upon the affidavit in support;

**IT IS HEREBY ORDERED** that Naima J. Garvin is admitted to practice *pro hac vice* in the above-captioned case in the United States District Court for the District of Connecticut as counsel for the Receiver, John J. Carney.

**IT IS FURTHER ORDERED** that Ms. Garvin is relieved from the local office requirement of Local Rule 83.1(c)(1), and that service on Ms. Garvin at her office address shall constitute service as if such service had been effected at a local office in the District of Connecticut.

All attorneys appearing before this Court are subject to the Local Rules of this Court, including the Rules governing discipline of attorneys. Counsel shall forward the *pro hac vice* fees to the Clerk of Court.

Dated: _____, 2013
       Hartford, Connecticut

_____
THE HONORABLE STEPHEN R. UNDERHILL
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2013, a copy of the Motion for Admission of Counsel *Pro Hac Vice* was filed electronically and served by mail on any previously served parties unable to accept electronic filing. Notice of this filing was sent by email to parties who have appeared in this action in response to the Summons and Complaint by operation of the Court's electric filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ Ona T. Wang
Ona T. Wang
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
owang@bakerlaw.com
Tel: (212) 589-4200
Fax: (212) 589-4201
*Attorney for Receiver John J. Carney*