UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------------------- x
                                                                                :
JOHN J. CARNEY, IN HIS CAPACITY AS COURT-                                       :
APPOINTED RECEIVER FOR HIGHVIEW POINT                                           :
PARTNERS, LLC; MICHAEL KENWOOD GROUP, LLC; MK                                   :
MASTER INVESTMENTS LP; MK INVESTMENTS, LTD.;                                    :
MK OIL VENTURES LLC; MICHAEL KENWOOD CAPITAL                                    :
MANAGEMENT, LLC; MICHAEL KENWOOD ASSET                                          :
MANAGEMENT, LLC; MK ENERGY AND                                                  :
INFRASTRUCTURE, LLC; MKEI SOLAR, LP; MK                                         :    12 Civ. 183 (SRU)
AUTOMOTIVE, LLC; MK TECHNOLOGY, LLC; MICHAEL                                    :
KENWOOD CONSULTING, LLC; MK INTERNATIONAL                                       :
ADVISORY SERVICES, LLC; MKG-ATLANTIC                                            :
INVESTMENT, LLC; MICHAEL KENWOOD NUCLEAR                                        :
ENERGY, LLC; MYTCART, LLC; TUOL, LLC; MKCM                                      :
MERGER SUB, LLC; MK SPECIAL OPPORTUNITY FUND;                                   :
MK VENEZUELA, LTD.; SHORT TERM LIQUIDITY FUND,                                  :
I, LTD.                                                                         :
                                                                                :
                    Plaintiff,                                                  :
                                                                                :
v.                                                                              :    October 15, 2013
                                                                                :
JUAN S. MONTES,                                                                 :
                                                                                :
                    Defendant.                                                  :
                                                                                :
------------------------------------------------------------------------------- x

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF THE MOTION OF JUAN S. MONTES
<u>FOR A PROTECTIVE ORDER TO STAY DISCOVERY</u>

David L. Belt                                    Michael B. Mukasey
HURWITZ SAGARIN SLOSSBERG &                      Matthew E. Fishbein
KNUFF LLC                                        Elliot Greenfield
147 North Broad Street, P.O. Box 112             DEBEVOISE & PLIMPTON LLP
Milford, Connecticut 06460                       919 Third Avenue
                                                 New York, New York 10022
Eric J. Shames
ERIC J. SHAMES, ESQ., P.C.                       Attorneys for Juan S. Montes
301 East 79th Street, Suite 32B
New York, New York 10075

Defendant Juan S. Montes ("Montes") submits this reply memorandum in further support of his motion, pursuant to Federal Rule of Civil Procedure 26(c), to stay discovery pending resolution of his motion to dismiss the second amended complaint ("SAC").

PRELIMINARY STATEMENT

The Court should stay discovery in this matter pending adjudication of Mr. Montes's motion to dismiss the SAC (the "Motion to Dismiss"). A stay will avoid enormously expensive and potentially needless discovery, as the Motion to Dismiss addresses fundamental issues of standing and statutes of limitations and is potentially dispositive of this entire action.

In his opposition brief, the Receiver fails to substantively address the two key factors relevant to a stay of discovery: (i) the burden that discovery would place on Mr. Montes, and (ii) the harm that a stay would impose on the Receiver. First, the Receiver fails to acknowledge that the burden on Mr. Montes consists not only of responding to the Receiver's 104 separate document requests – which is substantial in itself – but also of taking discovery about the vast, complex fraudulent scheme operated by Francisco Illarramendi and the international financial transactions alleged in the SAC. Second, the Receiver's assertions that he would be prejudiced by a stay – assertions nearly identical to those he made to the Court in December 2012 – are belied by the fact, as to which he offers no explanation, that he waited nearly five months before propounding his first requests for documents.

The Receiver spends the bulk of his opposition brief mischaracterizing the record in this case and rehashing his arguments in opposition to the Motion to Dismiss. Those arguments have no basis in Second Circuit or Connecticut law, and they certainly do not demonstrate that the Motion to Dismiss is "without foundation in law," as the relevant standard requires. ITT Corp. v. Travelers Cas. & Surety Co., No. 12-cv-38(RNC), 2012 WL 2944357, at *2 (D. Conn. Jul. 18, 2012).

ARGUMENT

I.  The Receiver Misstates the Record.

As a preliminary matter, the Receiver misstates the record in this case in two important respects.  First, the Receiver incorrectly contends that the Court has not granted any of Mr. Montes's stay requests.  (Opp'n 2.)  Mr. Montes filed a motion to stay discovery pending adjudication of the Motion to Dismiss on November 21, 2012, as the stay then in place was due to expire on January 4, 2013.  During a telephone conference with the parties on January 4, 2013, the Court ordered the parties to conduct a Rule 26(f) conference and exchange initial disclosures, but it otherwise stayed discovery until oral argument on the Motion to Dismiss.  The Court indicated that there was a likelihood that it would rule from the bench, as it did so about half the time.  The Court also indicated that, if it did not rule from the bench, it would consider a further stay of discovery.  The Court's "Conference Memorandum and Order" goes further, stating: "The parties also agreed to proceed with discovery, if necessary, after defendant's motion to dismiss has been decided." (Docket No. 96 at 2.)

At the March 5, 2013 oral argument on the Motion to Dismiss, when the Court did not rule from the bench, counsel for Mr. Montes requested that the stay of discovery be extended until the Court entered an order deciding the Motion to Dismiss.  The Court agreed to extend the stay until April 15, 2013, anticipating possibly issuing a decision by that date:  "That will give me something of a deadline to try to get a ruling out by then."  (Docket No. 105 at 83.)

Second, the Receiver mischaracterizes the parties' Rule 26(f) report, suggesting that the parties agreed on "April 1, 2013 as the date upon which discovery would commence."  (Opp'n 4.)  That is demonstrably false.  Mr. Montes agreed to commence formal discovery, if any, on April 1, 2013 only in the event that the Court had decided the Motion to Dismiss within 14 days of the hearing on that motion:

> It is Defendant's position that formal discovery, if any, should not commence prior to a decision on the Motion to Dismiss. If the Court decides the Motion to Dismiss within 14 days of the February 25, 2013 hearing on the Motion to Dismiss, then Defendant agrees to commence discovery on April 1, 2013 as outlined in this Report, as well as to the subsequent dates contained in this Report relating to discovery (other than initial disclosures), dispositive motions, and trial readiness.

(Docket No. 98 at 2). As the oral argument was postponed from February 25, 2013 to March 5, 2013, and the Court has not yet ruled on the Motion to Dismiss, there currently is no agreed schedule for discovery.

II.   The Motion to Dismiss Is Well-Founded in Law and Potentially Dispositive of the Entire Action.

The Receiver's rehashing of his arguments in opposition to the Motion to Dismiss does not demonstrate, as the law requires, that the Motion to Dismiss does not have "substantial grounds" or is "without foundation in law." ITT Corp., 2012 WL 2944357, at *2 (quoting Johnson v. N. Y. Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002)). The Receiver does not dispute that the Motion to Dismiss is potentially dispositive of the entire action.

The Receiver's bare assertion that the Wagoner rule – which is exclusively a doctrine of the Second Circuit – does not apply to receivers is not supported by any Second Circuit law. (Opp'n 7-8.) In fact, the only two district courts in the Second Circuit to address this question both held that the Wagoner rule does apply to receivers. See Cobalt Multi-Family Investors I, LLC v. Shapiro, No. 06 Civ. 6468, 2008 WL 833237, at *3 (S.D.N.Y. Mar. 28, 2008); AKRO Investicni Spolecnost, A.S. v. A.B. Watley, Inc., No. 01 Civ. 7693, 2003 WL 1108135, at *7 (S.D.N.Y. Mar. 13, 2003). Moreover, the exception to the Wagoner rule for fraudulent transfer claims applies only to bankruptcy trustees, not receivers, because it is based on Congress's express statutory grant of standing set forth in the Bankruptcy Code. See In re Stanwich Fin. Servs. Corp., 488 B.R. 829, 834-35 (D. Conn. 2013) (Underhill, J.) ("When Congress has

4

specifically granted the trustee the power to assert the fraudulent transfer claim, Wagoner is inapplicable – standing has been statutorily conferred."). Congress has granted no such authority to the Receiver.[1]

The argument that the Receivership Entities suffered an injury contradicts the Receiver's own allegations in the SAC, which indisputably show that the Receivership Entities profited from the Permuta transactions, even after accounting for the alleged payments to Mr. Montes. (Opp'n 8-9; SAC ¶¶ 51-55, 66-96.) In the first two complaints it filed in this action, the Receiver expressly admitted that the Receivership Entities made a "profit" – the deletion of the word "profit" from the SAC does not change the math. The Receiver's contentions that the alleged payments "resulted in new investments" and were made "in exchange for access to new investment capital" are also flatly contradicted by the allegations in the SAC, which make clear that the Permuta transactions were "one-off" bond-swap transactions that did not entail any new investment. (Opp'n 9.) The assertion that any transaction that profited the Receivership Entities ultimately harmed them by prolonging their existence turns the concept of "injury" on its head.

The Receiver's contention that CUFTA grants the Receiver a one-year period in which to bring a claim has no basis in Connecticut law. (Opp'n 9-10.) Tort claims in Connecticut are governed by a statute of repose, which operates to permanently cut off all liability at the expiration of the limitations period. No subsequent event, including the appointment of a Receiver, can revive an extinguished claim. Piteo v. Gottier, 112 Conn. App. 441, 445, 963 A.2d

---

[1] The Receiver notes that the defendants in Carney v. Lopez did not assert that the Wagoner rule deprived the Receiver of standing. (Opp'n 8.) The Wagoner rule does not apply in that case because the defendants were insiders – employees of the Receivership Entities. To the extent that the doctrine of in pari delicto applies in that case, it would be as an affirmative defense, not as a prudential rule of standing. The Court's finding that the application of the in pari delicto affirmative defense was inappropriate at the pleading stage does not imply that the Wagoner rule – a rule of standing – should not be applied at the pleading stage.

5

83, 86 (Conn. App. 2009).² The Receiver's other claims are governed by the standard three-year limitations period that governs tort claims in Connecticut. See Conn. Gen. Stat. § 52-577.

The Receiver's conclusory allegations and incorrect legal theories fail to state a claim for aiding and abetting breach of fiduciary duty, conspiracy to breach fiduciary duty, unjust enrichment, "money had and received," accounting, or constructive trust, for the reasons set forth in Mr. Montes's briefs in support of the Motion to Dismiss.

III.  Discovery Would Be Extraordinarily Burdensome for Mr. Montes.

The Receiver's contention that "[t]here will be minimal burden on the Defendant to engage in discovery" fails to address the fact that the burden of discovery is not limited to the production of documents, although responding to the Receiver's 104 separate document requests is itself a substantial burden. (Opp'n 10.) As set forth in Mr. Montes's opening brief, Mr. Montes would also need to request and review an immense number of documents from the Receiver, covering a broad range of topics regarding Francisco Illarramendi's fraudulent scheme, the structure and operation of the various Receivership Entities, and the payments, transactions, and commingling of funds alleged in the SAC. The Receiver also fails to address the fact that, in his initial disclosures, the Receiver identified 51 individuals, located around the world, who have discoverable information that he may use to support his claims. There is no basis for the Receiver's assertion that he, but not Mr. Montes, "must pursue costly and burdensome

---

2   The Court's ruling on the statute of limitation defense in Carney v. Lopez does not apply to this case. (Opp'n 9). In Lopez – unlike here – the limitations period had not run against the Receivership Entities when the Receiver was appointed because the defendants in that case were fiduciaries of the Receivership Entities. (Docket No. 94 at 3.) See World Wrestling Entm't, Inc. v. THQ, Inc., No. X05CV065002512S, 2008 WL 4307568, at *12 (Conn. Super. Aug. 29, 2008) (Connecticut's "continuing course of conduct" doctrine tolls the limitations period where the defendant "owed a continuing duty to the plaintiff.").

23986085v02

international discovery." (Opp'n 11.) Discovery in this case undeniably would be an enormous undertaking, and it is simply absurd to characterize this burden as "minimal."

IV.     A Stay of Discovery Will Not Prejudice the Receiver.

The Receiver offers no explanation as to why he waited nearly five months to propound his first document requests (from April 15, 2013 to September 9, 2013) except to note that he did so "voluntarily." (Opp'n 2.) The other cases referred to by the Receiver – Carney v. Lopez and U.S. v. Illarramendi – have no bearing on the timing of discovery in this action. In any event, according to the Receiver, the defendants in Carney v. Lopez have yet to respond to the Receiver's first request for documents. In Carney v. Beracha, the Receiver actually agreed to a stay of discovery pending adjudication of the defendants' motion to dismiss for lack of jurisdiction, a fact that the Receiver fails to mention. (No. 13-cv-0180-SRU, Docket No. 48, 54). And, as recently as May 8, 2013, the Receiver commenced another action on behalf of the Receivership Entities, Carney v. Horion Investments Ltd.; a motion to stay discovery is pending in that case. (No. 13-cv-0660-SRU, Docket No. 35.)

The Court should not credit the Receiver's sudden pronouncements that a relatively modest stay of discovery would "prejudice" the victims of Illarramendi's fraud, "driv[e] up costs" and create a "risk of losing relevant information" in light of the Receiver's nearly five-month delay and his utter failure to identify any concrete harm that would result from the requested stay. (Opp'n 11-12.)

## CONCLUSION

Accordingly, Defendant Juan S. Montes respectfully requests that the Court grant a protective order to stay discovery until a decision is rendered on Mr. Montes's motion to dismiss the second amended complaint.

7

DEBEVOISE & PLIMPTON LLP

By : _____/s/ Elliot Greenfield_____

Michael B. Mukasey
Matthew E. Fishbein
Elliot Greenfield
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Fax: (212) 909-6836

HURWITZ SAGARIN SLOSSBERG & KNUFF LLC
David L. Belt
147 North Broad Street, P.O. Box 112
Milford, Connecticut 06460
Tel: (203) 877-8000
Fax: (203) 878-9800

ERIC J. SHAMES, ESQ., P.C.
Eric J. Shames
301 East 79th Street, Suite 32B
New York, New York 10075
Tel: (917) 742-3104
Fax: (212) 933-1433

Attorneys for defendant Juan S. Montes

<u>Certificate of Service</u>

      This is to certify that on October 15, 2013 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing.  Parties may access this filing through the Court's electronic system.

                                                    <u>/s/ Elliot Greenfield</u>
                                                      Elliot Greenfield

23986085v02