UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
---------------------------------------------------------------------------- x
                                                   :

JOHN J. CARNEY, IN HIS CAPACITY AS COURT-    :
APPOINTED RECEIVER FOR HIGHVIEW POINT    :
PARTNERS, LLC; MICHAEL KENWOOD GROUP, LLC; MK :
MASTER INVESTMENTS LP; MK INVESTMENTS, LTD.;  :
MK OIL VENTURES LLC; MICHAEL KENWOOD CAPITAL :
MANAGEMENT, LLC; MICHAEL KENWOOD ASSET    :
MANAGEMENT, LLC; MK ENERGY AND             :
INFRASTRUCTURE, LLC; MKEI SOLAR, LP; MK      :        12 Civ. 183 (SRU)
AUTOMOTIVE, LLC; MK TECHNOLOGY, LLC; MICHAEL :
KENWOOD CONSULTING, LLC; MK INTERNATIONAL  :
ADVISORY SERVICES, LLC; MKG-ATLANTIC      :
INVESTMENT, LLC; MICHAEL KENWOOD NUCLEAR  :
ENERGY, LLC; MYTCART, LLC; TUOL, LLC; MKCM   :
MERGER SUB, LLC; MK SPECIAL OPPORTUNITY FUND; :
MK VENEZUELA, LTD.; SHORT TERM LIQUIDITY FUND, :
I, LTD.                                                   :
                                                   :
                     Plaintiff,              :
                                                   :
v.                                                 :       January 30, 2014
                                                   :
JUAN S. MONTES,                        :
                                                   :
                     Defendant.         :
                                                   :
---------------------------------------------------------------------------- x

## MEMORANDUM OF LAW OF JUAN S. MONTES IN OPPOSITION TO
## THE RECEIVER'S MOTION TO COMPEL DISCOVERY RESPONSES

David L. Belt
HURWITZ SAGARIN SLOSSBERG &
KNUFF LLC
147 North Broad Street, P.O. Box 112
Milford, Connecticut 06460

Eric J. Shames
ERIC J. SHAMES, ESQ., P.C.
301 East 79th Street, Suite 32B
New York, New York 10075

Michael B. Mukasey
Matthew E. Fishbein
Elliot Greenfield
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022

Attorneys for Juan S. Montes

Defendant Juan S. Montes ("Montes") submits this memorandum in opposition to the Receiver's Motion to Compel Discovery Responses (the "Motion to Compel") (Docket No. 111).

<u>PRELIMINARY STATEMENT</u>

The Court should deny the Receiver's motion to compel discovery responses before a ruling on either Mr. Montes's pending motion to stay discovery (the "Motion to Stay") or motion to dismiss (the "Motion to Dismiss"). As set forth in the Motion to Stay, discovery prior to a decision on the Motion to Dismiss is not appropriate in this case because (<u>i</u>) the Motion to Dismiss is potentially dispositive as to the entire action and is likely to render discovery unnecessary or at least substantially narrow its scope; (<u>ii</u>) discovery would be enormously burdensome on Mr. Montes; and (<u>iii</u>) the Receiver would not be prejudiced by this relatively modest extension of time.

The Court should also deny the Receiver's motion to compel discovery responses on entities and transactions – certain entities associated with Moris Beracha, the Cheyne Fund, and a payment to Movilway – that are not relevant to any party's claim or defense in this action. Each of these discovery requests is simply an attempt to discover new claims against Mr. Montes. Indeed, in opposing the Motion to Dismiss, the Receiver announced his intention to use the discovery process for precisely that purpose. The Motion to Compel should also be denied because the Receiver has failed to present any specific facts demonstrating "good cause" for discovery relevant to the subject matter involved in this action, but not pertaining to any party's claim or defense in this action.

<u>BACKGROUND</u>

On February 3, 2012, the Receiver filed a complaint against Mr. Montes, who is alleged to be a former investment manager for pension funds associated with Petroleos de Venezuela,

S.A. ("PDVSA").  (Docket No. 1.)  The complaint alleged that certain of the entities controlled by Francisco Illarramendi, which are now part of the receivership (the "Receivership Entities"), made payments intended as bribes to Mr. Montes in 2006 and 2007 in order to secure the participation of the PDVSA pension funds in financial transactions.  The complaint also named Movilway S.L. ("Movilway") as a defendant and alleged that Illarramendi made a payment to Movilway that was intended to benefit Montes.  The Receiver's claims represent an attempt by the Receivership Entities to recover their alleged bribes.

On May 7, 2012, the Court granted a consent motion, filed by Mr. Montes, extending the deadline for the parties to conduct a Rule 26(f) conference until the later of July 2, 2012 or 14 days after the briefing of Mr. Montes's anticipated motion to dismiss was completed.  (Docket No. 51.)

On July 11, 2012, the Receiver filed a first amended complaint, eliminating four of the eight causes of action asserted against Mr. Montes in the original complaint.  (Docket No. 67.) Reflecting a settlement with Movilway, the first amended complaint did not name Movilway as a defendant and did not seek return of the alleged payment to Movilway.  On August 10, 2012, Mr. Montes filed a motion to dismiss the first amended complaint.  (Docket No. 69.)

On August 31, 2012, the Receiver filed the Second Amended Complaint ("SAC"), which added three new causes of action against Mr. Montes (aiding and abetting breach of fiduciary duty, conspiracy to breach fiduciary duty, and "money had and received"), as well as new allegations and new standing language.  (Docket No. 72.)

On October 5, 2012, Mr. Montes filed a motion to dismiss the SAC (the "Motion to Dismiss").  (Docket No. 80.)  In the Motion to Dismiss, Mr. Montes argues that the Receiver lacks standing, that certain of the Receiver's claims are time-barred, and that the Receiver fails to

3

state a claim for breach of fiduciary duty, "money had and received," unjust enrichment, constructive trust or accounting.

On November 21, 2012, Mr. Montes filed a motion to extend the stay of discovery pending adjudication of the Motion to Dismiss, as the discovery stay then in place was scheduled to expire on January 4, 2013.  (Docket Nos. 87-89.)

On January 4, 2013, the Court held a telephone conference to address Mr. Montes's motion to stay discovery.  (Docket No. 96.)  The Court ordered that discovery would be stayed until the hearing on the Motion to Dismiss, and stated that the Court would consider a further stay if it did not rule from the bench.  The Court's "Conference Memorandum and Order" goes further, stating:  "The parties also agreed to proceed with discovery, if necessary, after defendant's motion to dismiss has been decided."  (Docket No. 96 at 2.)

At the March 5, 2013 oral argument on the Motion to Dismiss, the Court did not rule from the bench and extended the stay of discovery until April 15, 2013 based on the expectation that it would issue a ruling by that date, rather than allow discovery to commence on April 1, 2013 as requested by the Receiver.  (Docket No. 105 at 83 ("Let's say that discovery can be propounded beginning on April 15th.  That will give me something of a deadline to try to get a ruling out by then.  So, I don't expect to have a ruling by April 1st but I think I could well have one by April 15.").)

Neither party propounded any discovery until September 9, 2013, when the Receiver served his First Set of Requests for the Production of Documents (the "Requests").  (New Aff. Ex. A.)

On September 16, 2013, Mr. Montes filed a motion to stay discovery pending adjudication of the Motion to Dismiss (the "Motion to Stay").  (Docket No. 106.)  The Motion to Stay is fully briefed and pending before the Court.

On October 9, 2013, Mr. Montes served his Responses and Objections to Plaintiff's First Set of Requests for the Production of Documents (the "Responses and Objections").  (New Aff. Ex. B.)

In October and November 2013, the parties exchanged letters in an effort to resolve the discovery issues in dispute.  (New Aff. Exs. C, D.)  On November 18, 2013, counsel for both parties participated in a telephonic meet and confer, as required by Local Rule 37.  During this conference, the parties reached an agreement to eliminate several of the disputed discovery issues.  (New Aff. Ex. E.)

<u>ARGUMENT</u>

I.    <u>THE RECEIVER'S MOTION TO COMPEL DISCOVERY PRIOR TO A DECISION ON THE MOTION TO STAY OR MOTION TO DISMISS SHOULD BE DENIED.</u>

The Receiver's motion to compel discovery responses before the Court decides the Motion to Dismiss raises the same issues addressed in Motion to Stay and should be denied for all of the reasons set forth in the memoranda in support of that motion.  (Docket Nos. 106, 109.) As discussed more fully therein:

- The Motion to Dismiss addresses fundamental flaws in the causes of action and legal theories asserted by the Receiver, including that the Receiver lacks standing under Article III and Second Circuit and Connecticut law, that the bulk of the Receiver's complaint is time-barred, and that the Receiver's remaining allegations fail to state a claim.

- The Motion to Dismiss is potentially dispositive of this entire action and the grounds for the motion are certainly not "without foundation in law."  <u>ITT Corp. v. Travelers Cas. & Surety Co.</u>, No. 12-cv-38(RNC), 2012 WL 2944357, at *2 (D. Conn. Jul. 18, 2012).

5

- Discovery would be extraordinarily burdensome and expensive for Mr. Montes, based not only on the exceptionally broad document requests served on Mr. Montes by the Receiver (104 separate requests), but also on the broad scope of discovery that Mr. Montes would need to conduct regarding international financial transactions conducted largely in Spanish as well as the vast fraudulent scheme operated by Francisco Illarramendi.  The Receiver has identified 51 people, located around the world, who are "likely to have discoverable information that the Plaintiff may use to support his claims or defenses."

- The Receiver has failed to show that he would be prejudiced by the relatively modest extension, and any such assertions are belied by the fact that the Receiver did not serve his first discovery requests for nearly 5 months after the date on which the Court allowed that discovery could be propounded.

The Court should grant Mr. Montes's Motion to Stay and deny the Receiver's Motion to Compel because the Motion to Dismiss is likely to obviate the need for, or substantially narrow the scope of, any discovery.

The Receiver incorrectly asserts that Mr. Montes's objection to the Requests represents an attempt by Mr. Montes to "unilaterally impose a stay of discovery" in violation of the Court's orders and the District's Local Rules.  Mr. Montes is not unilaterally imposing a stay of discovery; he filed a motion asking that the Court order a stay and simply objects to discovery while the Motion to Stay is pending.  As set forth above and in that motion, the Court previously stayed discovery on two occasions:  (i) at the January 4, 2013 telephone conference, the Court ordered that discovery would be stayed until the hearing on the Motion to Dismiss; and (ii) at the March 5, 2013 hearing, the Court extended the stay until April 15, 2013 based on its stated expectation that it would issue a decision on the Motion to Dismiss by that date.  It is telling that the Receiver did not propound discovery requests on April 15, 2013, but instead waited nearly 5 months to do – presumably because he also understood it to be the Court's intention that discovery not begin prior to a decision on the Motion to Dismiss.  The Local Rule cited by the Receiver is inapplicable because Mr. Montes objected to the commencement of discovery on the

6

basis of the pending Motion to Stay, not the filing of the Motion to Dismiss.  See D. Conn. Standing Order on Cases ¶ 2(c) ("The filing of a motion to dismiss will not result in a stay of discovery or extend the time for completing discovery.").

II.   **THE RECEIVER'S MOTION TO COMPEL DISCOVERY ON TOPICS IRRELEVANT TO HIS CLAIMS SHOULD BE DENIED.**

      A.   Rule 26(b) Requires That Discovery Requests Be "Relevant to Any Party's Claim or Defense."

Under Rule 26(b), "[p]arties may only obtain discovery regarding a non-privileged matter that is relevant to a claim or defense involved in the pending litigation." Young v. McGill, No. 09 cv. 1186, 2013 WL 5962090, at *2 (D. Conn. Nov. 6, 2013).  The burden of demonstrating relevance is on the party seeking discovery. Perkins v. Chelsea Piers Mgmt., No. 11 cv. 8998, 2012 WL 4832814, at *1 (S.D.N.Y. Oct. 10, 2012); see also Gyrodata Inc. v. Gyro Techs., Inc., No. 10 MC 93, 2010 WL 4702363, at *3 (D. Conn. Nov. 12, 2010) ("A party seeking discovery has the initial burden such that some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case.") (internal citations omitted).

"Parties have 'no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.'" Psihoyos v. Pearson Educ., Inc., 855 F. Supp. 2d 103, 111 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 26(b), Adv. Comm. Note to Subdivision b(1)). "[D]iscovery may not be used as a 'fishing expedition to discover additional instances of wrongdoing beyond those already alleged.'" In re PE Corp. Sec. Litig., 221 F.R.D. 20, 23-24 (D. Conn. 2003) (quoting Tottenham v. Trans World Gaming Corp., No. 00 Civ. 7697, 2002 WL 1967023, at *2 (S.D.N.Y. June 21, 2002)); see also Abrahams v. Young & Rubicam, 979 F.

7

Supp. 122, 129 (D. Conn. 1997) (holding that the "purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists").

      B.     <u>The Receiver's Proposed Definition of "Beracha-affiliated Entities" Extends Beyond What Is Relevant to Any Party's Claim or Defense.</u>

      The Receiver's proposed definition of "Beracha-affiliated Entities" includes nine entities mentioned nowhere in the SAC, and the Receiver fails to provide any basis to conclude that those entities are relevant to the claims asserted in this action. (Motion to Compel at 8-11.) Four entities purportedly affiliated with Moris Beracha that are included in the Receiver's definition – Dobson Management Corp., East Coast Consultant Corp., Hermitage Consultants Inc. and Northwestern International, Ltd. – are alleged to have played roles in the transactions at issue in the SAC, and Mr. Montes does not object to discovery with respect to those entities. (SAC ¶¶ 75, 86, 94, Ex. A.)

      The Receiver fails to meet his burden of demonstrating that the other entities included in the definition – Bradleyville Ltd., Brave Spirit Ltd., 4A Star Corporation, Fractal Fund Management Ltd., Fractal L. Holding Ltd., Fractal P. Holding Ltd., La Signoria Assets Corp., NetValue Strategy, S.A., and Rowberrow Trading Corp. – have any relevance to the claims brought against Mr. Montes. The Receiver argues only that those nine entities are referred to in a complaint filed by the Receiver against Mr. Beracha (the "Beracha Complaint"), but whether those entities purportedly are relevant to a separate litigation does nothing to demonstrate that they have any relevance to any claim or defense in this litigation. <u>See Haber v. ASN 50th Street, LLC</u>, 272 F.R.D. 377, 382 (S.D.N.Y. 2011) (rejecting overbroad and irrelevant discovery requests as an improper "attempt[] to use the discovery process as a vehicle to investigate matters unrelated to the allegations in the amended complaint").

The Receiver's analysis conflates those two litigations, arguing that "[t]aken together, the SAC and the Beracha Complaint allege that [Mr. Montes], Beracha, and these entities conspired with Illarramendi, and with each other." (Motion to Compel at 10.) That is simply not true. In neither complaint does the Receiver allege any connection between the disputed "Beracha-affiliated Entities" and the claims asserted against Mr. Montes. In particular, although the Receiver now seeks to describe his fiduciary duty claims broadly as alleging that Mr. Montes "was an instrumental part of the Fraudulent Scheme" and that he conspired and facilitated "numerous breaches of [Illarramendi's] fiduciary duties" (Motion to Compel at 2), the Receiver has previously acknowledged that the "breach of fiduciary duty at issue is not the Fraudulent Scheme itself" but instead the alleged "bribe paid to Montes and to other PDVSA officials," and that "Montes's knowledge of the Fraudulent Scheme's details or even its existence is not necessary." (Docket No. 85 at 33, 35 (emphasis added).)

The Receiver has failed to make the required showing that the proposed definition of "Beracha-affiliated Entities" is anything more than an excuse to try to discover new claims. Indeed, in his opposition to the Motion to Dismiss, the Receiver explicitly stated his intention to use the discovery process to discover additional claims, expressing hope that "more facts regarding [transactions alleged in the SAC], and possibly others, will likely be uncovered through discovery" and warning that "Montes is on notice that the Receiver seeks to recover these transfers." (Docket No. 85 at 37 (emphasis added).)[1]

C.  Documents Related to the "Cheyne Fund" Are Not Relevant to Any Party's Claim or Defense.

---

[1] The Receiver notes that Mr. Montes objected to the definition of "Beracha-affiliated Entities" as "overbroad and unduly burdensome." (Motion to Compel at 11.) The grounds for that objection are that the definition (i) included the disputed entities discussed above, and (ii) included not only the entities and their officers, directors, and employees, but also their "partners, corporate parents, subsidiaries and affiliates."

9

For similar reasons, the Receiver also fails to make the required showing that "any and all documents and communications concerning any Cheyne Fund" are relevant to the claims or defenses in this action, or are calculated to lead to the discovery of admissible evidence. (Motion to Compel at 11-13.)

The Receiver's request for documents related to the Cheyne Fund is a transparent and improper attempt to discover additional claims, rather than to find support for his existing claims. There are no allegations regarding the Cheyne Fund in the SAC, let alone any claim that Mr. Montes received an alleged payment in connection with any transactions involving the Cheyne Fund. The Receiver again relies on filings from a separate litigation as to which Mr. Montes is not a party, and which does not demonstrate the relevance of the discovery sought to any claims against Mr. Montes. (Motion to Compel at 12.)

The Receiver seeks to give the appearance of relevance by asserting that Mr. Montes was "involved in the approval of the [Cheyne] transactions" and that these transactions are relevant to "allegations that [Mr. Montes] conspired with, and aided and abetted, Illarramendi in his numerous breaches of fiduciary duties, as well as his general relationship with Illarramendi and the Receivership entities, and his knowledge and intent." (Motion to Compel at 12-13.) However, as discussed above, the Receiver has previously made clear that the fiduciary breach relevant to the claims against Mr. Montes is not Illarramendi's fraudulent scheme, but only Illarramendi's alleged payment of bribes, and there is no allegation of a bribe being paid to Mr. Montes in connection with the Cheyne Fund. (Docket No. 85 at 33, 35.) The Court should reject the Receiver's attempt to misuse the discovery process in the speculative hope of finding support for new claims. See 287 Franklin Ave. Residents' Ass'n v. Meisels, No. 11 cv. 976, 2012 WL 1899222, at *6 (E.D.N.Y. May 24, 2012) ("Plaintiffs' allegation that '[d]efendants may operate

10

an additional fraudulent scheme' . . . provides an insufficient basis on which to support what appears to be a fishing expedition. . . . [Plaintiffs] may not 'use discovery to uncover evidence that might support an as yet unasserted . . . claim.'") (internal citations omitted) (emphasis in original); see also Palumbo v. Shulman, No. 97 cv. 4314, 1998 WL 436367 (S.D.N.Y. July 24, 1998) ("Discovery is not to be used as a hunting license to conjure up a claim that does not exist.") (internal quotations omitted).[2]

> D.    Documents Related to "Movilway" Are Not Relevant to Any Party's Claim or Defense.

The Receiver also fails to meet his burden of demonstrating the relevance of documents related to "Movilway." (Motion to Compel at 13-14.) After reaching a settlement with Movilway in July 2012, the Receiver amended his complaint, no longer naming Movilway as a defendant and acknowledging that the "payment to Movilway is not included among the Transfers that the Receiver is seeking to avoid in this Action." (SAC ¶ 107.)[3] The Receiver's only allegation regarding Movilway is that Mr. Montes was the intended beneficiary of a payment to Movilway that he never received, unrelated to any identified transaction. (Id.)

---

[2]    The Receiver notes that Mr. Montes objected to Request No. 60, seeking "Any and all documents and communications concerning any Cheyne Fund" as "overbroad and unduly burdensome." (Motion to Compel at 13.) As set forth in Mr. Montes's Response and Objections, the grounds for that objection are that the Request (i) purports to require Mr. Montes to produce "any" and "all" information (New Aff. Ex. B at 5), (ii) seeks the production of "communications" that are not in documentary form (id.), and (iii) relies on a definition of "concerning" that exceeds the exceeds the definition set forth in the Local Rules and purports to impose burdens or obligations other than, or beyond, those imposed by Rules 26 and 34 (id. at 8). Mr. Montes's objection to Request No. 78 as "overbroad and unduly burdensome" was made on the same grounds. (Motion to Compel at 14.)

[3]    Despite this acknowledgment, the Receiver misleadingly includes the alleged Movilway transfer in the total amount that the SAC seeks to recover from Mr. Montes. (Compare Motion to Compel at 2 ("The SAC seeks return of approximately $35,744,651 . . ." with SAC ¶ 1 ("the Receiver seeks the avoidance and recovery of bribes and other transfers totaling at least $30,664,490.")) The Receiver also contradicts his own allegations in the SAC in stating that the alleged Movilway transfer was "received by the Defendant." (Id. at 15-16.)

11

In the Motion to Compel, the Receiver nonetheless seeks to lump the alleged Movilway transfer in as a part of a purported "continuing course of conduct," but there are no factual allegation in the SAC to support such an assertion. (Motion to Compel at 14.) The Receiver does not even allege any facts supporting his assertion, made "on information and belief," that the Movilway transfer was a "kickback," much less that it was related in any way to alleged bribe payments made years earlier in connection with the Permutas. (AC ¶ 107.) The Receiver also argues that the alleged Movilway transfer is relevant to Mr. Montes's "fraudulent intent" and is therefore "relevant to the fraudulent transfer claims," but there is no fraudulent transfer claim based on the Movilway transfer and the alleged Movilway transfer has no bearing on the fraudulent transfer claims that are alleged in the SAC. (Motion to Compel at 14.)

III.   THE RECEIVER FAILS TO DEMONSTRATE THAT GOOD CAUSE EXISTS FOR DISCOVERY THAT IS NOT RELEVANT TO ANY PARTY'S CLAIM OR DEFENSE.

The Receiver fails to demonstrate good cause for obtaining discovery beyond that relevant to the claims and defenses in this action. Under Rule 26(b), "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." However, courts have made clear that the good cause standard "is not satisfied by conclusory statements and allegations but requires the movant to point to specific facts." Surles v. Air France, No. 00 cv. 5004, 2001 WL 1142231, at *2 (S.D.N.Y. Sept. 27, 2001) (denying requests beyond material relevant to claims or defenses for failure to show good cause). The Receiver offers no specific facts in support of his assertion that "good cause" has been shown for the requested materials, pointing only to the "complicated" nature of the transactions at issue as justification. (Motion to Compel at 15-16.) See RLS Assoc., LLC v. United Bank of Kuwait, PLC, No. 01 Civ. 1290, 2003 WL 1563330, at *8 (S.D.N.Y. March 26, 2003) (movant failed to

12

show good cause to compel discovery of material relevant only to subject matter of action where

movant did not show that "production would serve the reasonable needs of the action").

CONCLUSION

Accordingly, Defendant Juan S. Montes respectfully requests that the Court deny the

Receiver's Motion to Compel Discovery Responses.

DEBEVOISE & PLIMPTON LLP

By :  _____/s/  Elliot Greenfield_____

Michael B. Mukasey
Matthew E. Fishbein
Elliot Greenfield
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Fax: (212) 909-6836

HURWITZ SAGARIN SLOSSBERG & KNUFF LLC
David L. Belt
147 North Broad Street, P.O. Box 112
Milford, Connecticut 06460
Tel: (203) 877-8000
Fax: (203) 878-9800

ERIC J. SHAMES, ESQ., P.C.
Eric J. Shames
301 East 79th Street, Suite 32B
New York, New York 10075
Tel: (917) 742-3104
Fax: (212) 933-1433

Attorneys for defendant Juan S. Montes

13

Certificate of Service

        This is to certify that on January 30, 2014 a copy of the foregoing was filed electronically

and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent

by e-mail to all parties by operation of the Court's electronic filing system and by mail to all

parties that are unable to accept electronic filing.  Parties may access this filing through the

Court's electronic system.


                                        /s/ Elliot Greenfield
                                        Elliot Greenfield

24054172v01